Booth, Chief Justice,
delivered the opinion of the court:
The plaintiff, an Illinois corporation, honored Government transportation requests for the transportation of troops of *653 the United States from Ft. Sheridan and Great Lakes, Illinois, to certain destinations in California. Subsequent to the accomplishment of the requested service, the plaintiff presented its bills upon the alleged basis of through rates, and in accord, it is contended, with the terms of the joint military arrangement and joint military equalization agreement. The General Accounting Office declined to approve the bills for the full amounts claimed, making deductions therefrom on the basis of net through fares constructed as claimed, according to law and in conformity with the two joint agreements just mentioned. The amount deducted totals $2,293.99, and for this amount suit is brought.
The single difference between the parties is whether the net fares applied to the service by the General Accounting Office were constructed in accord with the joint agreements mentioned, and as so constructed were lower net fares than those asked for by the plaintiff. There were no specifically established through rates from the point of origin to destinations involved in this case. The applicable fares to be applied under the joint agreements had to be constructed by combination or combinations of existing tariffs, and, as conceded, the Government was entitled to the lowest net fares properly constructed, irrespective of the actual route of travel. General exceptions 1 and 2 of the joint military equalization agreement provide in terms as follows:
“ If a through fare or a basis for constructing the through fare from point of origin to destination is published and filed in the manner provided by law, the carriers parties hereto will not accept nor equalize commercial or net fares established via routes via which no through fares or basis for constructing through fares are published.
“ Net fares derived from commercial fares established by combining published*and filed fares which are not authorized to be used in combination, according to the practices of carriers, parties hereto under the rules, regulations, and Fourth Section Eelief Orders of the Interstate Commerce Commission, will not be accepted nor equalized by carriers parties hereto.”
The plaintiff in the construction of its through fare from point of origin to destination relies upon the Chicago & North Western Interdivision Passenger Tariff 84-3,1. C. C. *654 2765, which does quote fares from Fort Sheridan and Great Lakes to Chicago and is to be used for basing purposes in the ascertainment of through fares to points'in California, Among other things, Tariff 84 — 3,1. C. C. 2765 expressly provides that it is to be used in connection with Hannegan’s Chicago Joint Passenger Tariff 271-W, I. C. C. 714 and 754 or reissues thereof, and the latter tariff, 271-W, provides fare from Chicago to the destination points here involved, via Kansas City. The use of the tariffs mentioned was undoubtedly in accord with the joint agreements involved. The combination of the fare from Fort Sheridan and Great Lakes with the fare from Chicago to destinations was a duly authorized fare in accord with “ the lawful fares as on file with the Interstate Commerce Commisison or State Commission, from starting point to destination at the time of movement, less lawful land-grant deductions, properly established, less three per cent (3%) allowance.” Of this fact there can be no doubt. The difficulty with the situation is, that the concession of this fact fails to solve the issue, for granting the regularity in every respect of the plaintiff’s proceeding, we have yet to consider whether the through net fares applied by the General Accounting Office were not also duly authorized by proper tariffs, applied in accord with the joint agreements, and as constructed were lower net fares than the plaintiff’s.
As stated in plaintiff’s brief, “ Were these lower net fares propei’ly constructed under the tariffs cited and in accordance with the express terms of the military agreements?” The General Accounting Office constructed the through fare applied in making the deductions as set forth in Finding VII. In so doing, the combination accomplished was attained by using Chicago & North Western Ky. Co. Local Passenger Tariff No. 5, I. C. C. 2747 and 3041. Tariff No. 5, I. C .C. 2747, is as specified, a local passenger tariff available as to intrastate rates. It was duly filed with the Interstate Commerce Commission, and while it contained no provision for its use as a basing fare, the reissue of this tariff on December 1, 1923, No. 5-6, I. C. C. 3041, has the following note on the title-page:
*655 “ The rates, fares, and charges shown herein, intrastate between stations in Illinois, are those established in compliance with order of the Interstate Commerce Commission in case No. 11103 and reported in 59 I. C. C. 350.”
The effect of the above order was to raise intrastate fares to the equal of fares in interstate traffic in order to eliminate discrimination. This, we think, aside from additional factors, would render the tariff available in constructing through fares. However, the Local and Joint Passenger Tariff No. 1-P, I. C. C. 3617, Chicago, Burlington and Quincy R. R. Co., provided a fare from Chicago to St. Joseph, which was unmistakably a basing fare. It expressly provided as follows:
“ The fare shown herein between the various headline points [this includes Chicago] and stations shown on pages 5 to 87, inclusive [this includes St. Joseph] are for basing purposes in the construction of through fares via such junctions between stations on the Chicago, Burlington & Quincy R. R., Colorado & Southern Ry., and Quincy, Omaha & Kansas City R. R. named herein and stations on connecting lines to or from which joint fares via the same route are not in effect.”
This duly authorized fare of $17.03 was combined with Trans-Missouri Westbound Joint Passenger Tariff No. 71, G. J. Maguire’s I. C. C. 112, St. Joseph to San Francisco, $63.60. This is a passenger tariff which provides: “ Fares to destinations or from points of origin not shown in this tariff will be made by adding the fares shown in this tariff to the fares shown in other tariffs, as lawfully on file with the Interstate Commerce Commission, provided that if the fare so made exceeds the fare to or from a point beyond on the same through line as shown in this tariff, the latter fare will apply. Fares so made will apply via all routes authorized under this tariff from or to contiguous points of origin or destinations.” Seemingly, there can be no question that this is tariff authority for using the fare from St. Joseph to San Francisco in connection with other fares, to obtain a through fare. The fare as thus constructed by the defendant totals $81.80, made up by the combination set forth in Finding VII. We are unable to perceive the claimed necessity of an existing basing tariff in the combination used by the defendant *656 from Great Lakes to Chicago. The two fares used, Chicago to St. Joseph, and St. Joseph to destinations in California, were both basing tariffs, and were authorized to be used as factors in ascertaining through rates. It is apparent to us that a passenger seeking transportation from Great Lakes to San Francisco, via St. Joseph, Mo., would pay for the same on the basis of the tariffs quoted above. The station agent would be authorized in examining the available tariffs to so construct a through fare. If the plaintiff’s objection to the constructed fare is predicated upon the use of a selling or local fare from Great Lakes, the point of origin, to Chicago, it is manifest from the record that the plaintiff’s constructed fare was made up by a combinaion of the basing fare from Great Lakes to Chicago and a «<mbasing fare from Chicago to San Francisco. Chicago Joint Passenger Tariff No. 273-W, G. J. Maguire’s I. C. C. 114, did not authorize the fare from Chicago to San Francisco to be used as a basing fare in connection with a local or basing fare into Chicago, and the tariffs used by the defendant out of Chicago did this very thing. It tendered its basing fares both as initial and as terminal fares. The facts in the case and the methods employed by the parties in constructing a through fare clearly establish that a through fare may be constructed on the basis of a basing fare without combination with additional basing fares, i. e., that a “ selling ” fare, not published as a basing fare, may nevertheless, for the purpose of constructing a through fare, be combined with a basing fare where the basing tariff authorizes the combination. The military agreements heretofore referred to obviously precluded the construction of through fares upon any basis which might produce a lower net fasre. The injustice of such an equalization is apparent. If, however, the passenger tariffs, duly published and filed with the Interstate Commerce Commission, disclose a lawful basis for the construction of a through fare from point of origin to destination, the court, it seems to us, must presume, in the absence of positive testimony to the contrary, that the route of travel is an established one, and "duly recognized as a usually traveled one for military movements. Tariffs filed with the commission and published by the carriers clearly offer the availability of the routes *657 covered thereby, and while of course they may not recite in detail, every single prohibition as to use, they are available when postively allowing their use as a basis for constructing through fares. In this case we have no proof that the route via St. Joseph is not an authorized one. The letter of the commission holds to the contrary. The plaintiff’s petition will be dismissed. It is so ordered.
Williams, Judge, and Littleton, Judge, did not hear and took no part in the decision of this case.
Gkeen, Judge, and Graham, Judge, concur.